**BLANK ROME LLP**
*A Pennsylvania LLP*
Seth J. Lapidow, Esq.
Michael A. Rowe, Esq.
New Jersey Resident Partners
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
(609) 750-7700
*Attorneys for defendants Viacom International Inc.*
*and MTV Networks*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SAVELY,<br><br>        Plaintiff,<br><br>    v.<br><br>MTV MUSIC TELEVISION, VIACOM d/b/a MTV NETWORKS, JOHN DOES (1-5) (said names being fictitious), and ABC CORP. (said entities being fictitious),<br><br>        Defendants. | Civil Action No. 2:11-CV-1021 (SDW)(MCA) |

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO DISMISS**

On the Brief:   Seth J. Lapidow, Esq.
                Michael A. Rowe, Esq.

129205.00614/50389863v.2

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

PRELIMINARY STATEMENT .................................................................................1

PLAINTIFF'S ALLEGATIONS .................................................................................1

    A.    PRODUCTION AND FILMING OF "NICKI MANAJ: MY TIME NOW" ..............1

    B.    THE INCIDENT THAT FORMS THE BASIS OF SAVELY'S CLAIMS ...............2

    C.    THE COMPLAINT FAILS TO STATE A CLAIM ............................................2

LEGAL ARGUMENT .................................................................................................3

I.    STANDARD FOR A MOTION TO DISMISS ..................................................3

    A.    FALSE LIGHT CLAIM (COUNT THREE) FAILS AS A MATTER OF LAW .......4

    B.    INVASION OF PRIVACY CLAIM (COUNT TWO) FAILS AS A MATTER OF LAW ...........6

    C.    MISAPPROPRIATION OF LIKENESS (COUNT ONE) FAILS AS A MATTER OF LAW ......8

CONCLUSION ..........................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Albright v. Morton,*
 321 F. Supp. 2d 130 (D. Mass. 2004) ............................................................................... 9

*Banco Popular N. Am. v. Gandi,*
 184 N.J. 161 (2005) ............................................................................................................ 3

*Bell Atl. Corp. v. Twombly, Bell Atl. Corp.,*
 127 S. Ct. 1955 (2007) .................................................................................................. 3, 6

*Bisbee v. John C. Conover Agency, Inc.,*
 186 N.J. Super. 335 (App. Div. 1982) ................................................................... passim

*Busch v. Viacom International, Inc.,*
 477 F. Supp. 2d 764 (N.D. Tex. 2007) ........................................................................... 3

*Canessa v. J.I. Kislak, Inc.,*
 97 N.J. Super. 327 (Law Div. 1967) ............................................................................... 6

*Castro v. NYT Television,*
 70 N.J. Super. 282 (App. Div. 2004) .......................................................................... 8, 9

*Cibenko v. Worth Publishers, Inc.,*
 510 F. Supp. 761 (D.N.J. 1981) .................................................................................. 4, 5

*Comins v. Discovery Commc'ns, Inc.,*
 200 F. Supp. 2d 512 (D. Md. 2002) ............................................................................... 9

*Hennessey v. Coastal Eagle Point Oil Co.,*
 129 N.J. 81 (1992) .............................................................................................................. 6

*In re Burlington Coat Factory Sec. Litig.,*
 114 F.3d 1410 (3d Cir. 1997) ............................................................................................ 3

*Jeffries v. Whitney E. Houston Acad. P.T.A.,*
 2009 N.J. Super. Unpub. LEXIS 1895 (App. Div. June 20, 2009) ........................... 9

*Jenkins v. CitiFinancial,*
 2010 U.S. Dist. LEXIS 124744 (D.N.J. Nov. 23, 2010) ......................................... 4, 5

*Morse v. Lower Merion Sch. Dist.,*
 132 F.3d 902 (3d Cir. 1997) ............................................................................................. 3

129205.00614/50389863v.2

*Neitzke v. Williams,*
    490 U.S. 319 (1989)..................................................................................................... 3

*Peishu Zheng v. Quest Diagnostics, Inc.,*
    248 Fed. Appx. 416 (3d Cir. 2007) ............................................................................. 4, 5

*Phillips v. County of Allegheny,*
    515 F.3d 224 (3d Cir. 2008)........................................................................................... 3

*Poltrock v. NJ Auto. Accounts Mgmt. Co.,*
    2008 U.S. Dist. LEXIS 103351 (D.N.J. Dec. 17, 2008) ................................................ 7

*Preston v. Martin Bregman Prods., Inc.,*
    765 F. Supp. 116 (S.D.N.Y. 1991) ........................................................................... 9, 10

*Romaine v. Kallinger,*
    109 N.J. 282 (1988).........................................................................................4, 5, 7, 8

*Swan v. Boardwalk Regency Corp.,*
    407 N.J. Super. 108 (App. Div. 2009) ........................................................................... 6

*White v. White,*
    344 N.J. Super. 211 (Ch. Div. 2001) ............................................................................. 7

**OTHER AUTHORITIES**

Rule 12 (b)(6) ........................................................................................................................ 3

# INTRODUCTION

Viacom International Inc. (pleaded as Viacom d/b/a MTV Networks) and MTV Networks (pleaded as MTV Music Television) ("MTV") submit this memorandum of law in support of their motion to dismiss plaintiff Michael Savely's ("Savely") Verified Complaint ("Complaint").

# PRELIMINARY STATEMENT

Savely performs drum routines on New York subway platforms -- the most public of places. Savely claims MTV portrayed him in a false light, invaded his privacy, and misappropriated his likeness by airing four seconds of one of his public, subway platform, drum routines in an hour-long documentary about musician, Nicki Manaj. But his claims fail, as a matter of law, for three independent reasons: first, a false light claim cannot be based on the airing of an event exactly as it occurred; second, a plaintiff's privacy cannot be invaded by disclosure of publicly known facts; and finally, no claim can lie where, as here, plaintiff's likeness was not used for a commercial purpose.

# PLAINTIFF'S ALLEGATIONS

### A.  PRODUCTION AND FILMING OF "NICKI MANAJ: MY TIME NOW"

Radical Media ("Radical") filmed an hour-long documentary entitled "Nicki Minaj: My Time Now" which chronicles Manaj's -- a hip hop and R&B recording artist and song writer -- professional and personal life. (Savely's Complaint is Ex. A to the March 22, 2011 Declaration of Seth J. Lapidow, Esq. ("Lapidow Dec."), ¶ 12). Over the course of the documentary, the audience sees Manaj as she travels to her native Trinidad, visits her family in Queens, New York, prepares for her performance on the Video Music Awards, and in the studio where she works to finalize her debut album. (A DVD of the documentary and a DVD containing the portion of the documentary during which Savely appears has been provided to the Court and is Ex. B. to the Lapidow Dec.). The documentary also features interviews with Minaj in which she discusses her past, working with renowned musicians, as well as the pleasures and perils of fame. (Ex. B. Lapidow Dec., DVD).

1

B.  **THE INCIDENT THAT FORMS THE BASIS OF SAVELY'S CLAIMS**

During production, Radical filmed a New York subway station platform on which Savely was performing a drum routine. (Ex. A Lapidow Dec., Complaint ¶ 12). The documentary shows a New York subway train entering a station followed by four seconds of Savely performing his drum routine. (Ex. B Lapidow Dec., DVD). This "establishing shot" -- in which Manaj does not appear -- serves as the introduction to a segment in which Manaj returns to New York to purchase a home for her family but contributes nothing of significance to the overall theme of the documentary -- a depiction of Manaj's life. (Ex. B Lapidow Dec., DVD).

C.  **THE COMPLAINT FAILS TO STATE A CLAIM**

Savely filed a Complaint asserting three causes of action against MTV: (i) count one: misappropriation of likeness; (ii) count two: invasion of privacy; and (iii) count three: false light. (Ex. A. Lapidow Dec., Complaint ¶¶ 39-51). As set forth in detail below, the Complaint fails to state a claim upon which relief can be granted because, *inter alia*: (i) it is based upon events that took place in public; (ii) the events at issue were aired exactly as they occurred; (iii) Savely had no reasonable expectation of privacy when performing on a New York City subway platform; and (iv) the airing of four seconds of Savely's drum routine during an hour-long documentary was not a commercial use.

# LEGAL ARGUMENT

## I.

## STANDARD FOR A MOTION TO DISMISS

On a Rule 12 (b)(6) motion, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to plaintiff, and determine whether, under any reasonable reading of the complaint, plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed if plaintiff fails to "make a sufficient showing of enough factual matter to suggest the required elements of [its] claims." *Id.* at 235 (citing *Bell Atl. Corp. v. Twombly, Bell Atl. Corp.*, 127 S. Ct. 1955, 1965 (2007)). The Rule authorizes a court to dismiss a claim on a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A court is not required to accept legal conclusions either alleged or inferred from the pleaded facts. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997).

Documents integral to or relied upon in a complaint may be considered on a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (a court may consider documents relied upon in the complaint on a motion to dismiss); *Busch v. Viacom International, Inc.*, 477 F. Supp. 2d 764, 776 (N.D. Tex. 2007) (court may consider a DVD referred to in the complaint on a motion to dismiss); *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 183 (2005); (allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim may be considered on a motion to dismiss).

As demonstrated below, based on these standards, Savely's Complaint should be dismissed with prejudice.

129205.00614/50389863v.2

### A.  FALSE LIGHT CLAIM (COUNT THREE) FAILS AS A MATTER OF LAW

In count three, Savely claims that MTV portrayed him "in a false ... light." (Ex. A Lapidow Dec., Complaint ¶ 50). A false light claim fails, as a matter of law, unless plaintiff alleges facts suggesting that: (i) defendant publicized material concerning a private matter; (ii) the material constitutes a "major misrepresentation of plaintiff's character"; (iii) defendant had "knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed"; and (iv) the publication would be "highly offensive to a reasonable person." *Romaine v. Kallinger*, 109 N.J. 282, 289-90 (1988). Savely fails to allege facts suggesting the existence of any of these elements.

First, Savely's false light claim fails because he admits that the events which form the basis of his claim against MTV -- performance of a drum routine -- took place in public in front of numerous people on the platform of a New York City subway station. (Ex. A Lapidow Dec., Complaint ¶ 12). There can be no false light claim when the plaintiff's activities are publicly known. *Romaine*, 109 N.J. at 289-90 (invasion of privacy involving false light is based upon the duty not to place another before the public in an objectionable manner); *Bisbee v. John C. Conover Agency, Inc.*, 186 N.J. Super. 335, 339-40 (App. Div. 1982) ("The thrust of this aspect of the tort is ... that a person's private, personal affairs should not be pried into. The converse of this principle is ... that there is no wrong ... where plaintiff's activities are already public or known.") (internal citations and quotations omitted).

Second, Savely fails to allege a single fact suggesting that MTV's airing of the events at issue constituted a "major misrepresentation" of his character. *Peishu Zheng v. Quest Diagnostics, Inc.*, 248 Fed. Appx. 416, 419-20 (3d Cir. 2007) (false light claim dismissed because publicized material was true); *Jenkins v. CitiFinancial*, 2010 U.S. Dist. LEXIS 124744, at *5-8 (D.N.J. Nov. 23, 2010) ("[i]f the statement is not false, the cause of action [false light] must be dismissed."); *Cibenko v. Worth*

*Publishers, Inc.*, 510 F. Supp. 761, 766 (D.N.J. 1981) (element of a false light claim is that the matter publicized be untrue); *Romaine*, 109 N.J. at 294 ("fundamental requirement of the false light tort is that the disputed publicity be in fact false ...."); *Bisbee*, 186 N.J. Super. at 339-40 ("statement which gives rise to the cause of action [false light] must be untrue."). In this regard, if the publicized material is not false, the cause of action must be dismissed. *Peishu Zheng*, 248 Fed. Appx. at 419-20 (false light claim must be based on a false statement); *Jenkins*, 2010 U.S. Dist. LEXIS 124744, at *7-8 ("truth ... completely bars plaintiff's false light claim."). Thus, because Savely admits that the events at issue occurred exactly as they were shown, i.e., they are not false, he cannot, as a matter of law, assert a false light claim based upon the airing of the documentary.

Third, Savely fails to allege any fact suggesting that MTV had "knowledge of or acted in reckless disregard as to the falsity of the publicized matter." *Peishu Zheng*, 248 Fed. Appx. at 419 (plaintiff must demonstrate that actor "had knowledge of or acted in reckless disregard as to the falsity of the publicized matter."); *Romaine*, 109 N.J. at 290 (plaintiff must demonstrate that actor acted with reckless). To that end, a true statement cannot form the basis of a false light claim. *Peishu Zheng*, 248 Fed. Appx. at 419 (a party that publicizes a true statement cannot be held liable for a false light claim); *Romaine*, 109 N.J. at 290 (truth precludes a false light claim). Since Savely does not allege that MTV's publication of his drum routine was false or in any way misleading, he cannot, as a matter of law, demonstrate that MTV acted with "knowledge" or "reckless disregard" as to the material's falsity. As a result, Savely's false light claim fails.

Finally, Savely plaintiff fails to allege any facts suggesting that the publicized material would be "highly offensive to a reasonable person." *Romaine*, 109 N.J. at 290 (there can be no false light claim unless it is shown that the publicity at issue was "highly offensive to a reasonable person."); *Bisbee*, 186 N.J. Super. at 341-42 (the publication of an event as it occurred cannot, as a matter of law, be highly offensive). Savely merely alleges that MTV's airing of the events at issue portrayed

5

him in an "unfavorable and disparaging light." (Ex. A. Lapidow Dec., Complaint ¶ 50). But absent are any facts demonstrating how the publicized material -- which he admits was aired exactly as it occurred -- would be highly offensive to a reasonable person. As a result, Savely's false light claim fails. *Bell Atl. Corp.*, 550 U.S. at 555 (on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation).

Because Savely fails to allege facts supporting any of the required four independent elements of a false light claim, count three of his Complaint should be dismissed with prejudice.

### B.  INVASION OF PRIVACY CLAIM (COUNT TWO) FAILS AS A MATTER OF LAW

In count two, Savely alleges that MTV "caused an unlawful publication of private facts." (Ex. A Lapidow Dec., Complaint ¶ 46). Under New Jersey law, "invasion of privacy is not one tort, but a complex of four": (i) intrusion on seclusion; (ii) unreasonable public disclosure of private facts; (iii) false light; and (iv) misappropriation of likeness. *Swan v. Boardwalk Regency Corp.*, 407 N.J. Super. 108, 11819 (App. Div. 2009) (quoting *Canessa v. J.I. Kislak, Inc.*, 97 N.J. Super. 327, 334 (Law Div. 1967); *Bisbee*, 186 N.J. Super. at 339 (examining the various tort causes of action for invasion of privacy). Savely attempts to allege a false light claim in count three and a misappropriation of likeness claim in count one. Thus, in count two, Savely must be attempting to allege a claim for either: (i) intrusion on seclusion; or (ii) unreasonable public disclosure of private facts. Savely fails, as a matter of law, to state a claim for either of these two torts.

To state a claim for intrusion on seclusion, Savely must allege facts suggesting that: (i) MTV intentionally intruded "upon the solitude or seclusion of [plaintiff] or his private affairs or concerns"; and (ii) such intrusion was "highly offensive to a reasonable person." *Hennessey v. Coastal Eagle Point Oil Co.*, 129 N.J. 81, 94-95 (1992) (quoting Restatement (Second) of Torts § 652B (1977)) *Bisbee*, 186 N.J. Super. at 339 (intrusion on seclusion occurs when one intrudes on the private affairs of another). In this regard, "a reasonable person cannot conclude that an intrusion is 'highly

6

offensive' when the actor intrudes into an area in which the victim has either a limited or no expectation of privacy." *Poltrock v. NJ Auto. Accounts Mgmt. Co.*, 2008 U.S. Dist. LEXIS 103351, at *15-18 (D.N.J. Dec. 17, 2008) (whether an intrusion is highly offensive turns on whether plaintiff had a reasonable expectation of privacy); *White v. White*, 344 N.J. Super. 211, 222 (Ch. Div. 2001) (party failed to state an intrusion on seclusion claim based upon the viewing of e-mails because it did not have a reasonable expectation of privacy in e-mails stored on computer's hard drive); *Bisbee*, 186 N.J. Super. at 339-4 (it is not offensive to disclose publicly known facts).

Savely alleges that MTV invaded his privacy by publicizing four seconds of his drum routine. (Ex. A Lapidow Dec., Complaint ¶ 46). But, because he admits that these events occurred in public on a New York subway platform, where he had no reasonable expectation of privacy, he cannot, as a matter of law, claim that the airing of these events was "highly offensive to a reasonable person." *Poltrock*, 2008 U.S. Dist. LEXIS 103351, at *15-18 (intrusion on seclusion claim dismissed because no reasonable expectation of privacy); *White*, 344 N.J. Super. at 222 (intrusion on seclusion claim dismissed because party did not have a reasonable expectation of privacy); *Bisbee*, 186 N.J. Super. at 339-40 (intrusion on seclusion claim dismissed because plaintiff had no reasonable expectation of privacy with respect to the purchase of his home).

For these same reasons, Savely cannot state a claim for unreasonable public disclosure of private facts. To state such a claim, Savely is required to allege facts suggesting that: (i) MTV disseminated private facts about him; (ii) the dissemination was offensive to a reasonable person; and (iii) the public had no legitimate interest in being apprised of the publicized facts. *Romaine*, 109 N.J. at 297-98 (dismissing plaintiffs' claim for unreasonable publication of private facts because "the facts revealed [were] not private" and were "of legitimate concern to the public"); *Bisbee*, 186 N.J. Super. at 339-41 (the thrust of this tort is that a person's private affairs should not be pried into).

Savely has failed to allege facts to support this claim. Indeed, Savely fails to allege any facts suggesting either that MTV disseminated private facts about him, or that MTV's dissemination of these public facts was highly offensive to a reasonable person. Moreover, because these events were not private, they were of legitimate concern to the public. *Romaine*, 109 N.J. at 301 (a publication does not support an unreasonable disclosure of private facts if it is based upon disclosure "of information that arouses the public's interest and attention.") *Bisbee*, 186 N.J. Super. at 340-41 (publicly known facts are not entitled to protection). As such, Savely's unreasonable disclosure of private facts claim fails.

Because Savely fails to allege facts supporting any of the required elements of either of these claims, count two of his Complaint should be dismissed with prejudice.

### C. MISAPPROPRIATION OF LIKENESS (COUNT ONE) FAILS AS A MATTER OF LAW

Savely attempts to state a misappropriation of likeness claim by alleging only that MTV "wrongfully … used Plaintiff's image and likeness in the production of the aforementioned television show and broadcast the same on national television." (Ex. Lapidow Dec., Complaint ¶ 40). But controlling authority holds that such an allegation cannot state such a claim.

First, in *Castro v. NYT Television*, the Appellate Division ruled that such conclusory allegations are insufficient to state a misappropriation of likeness claim:

> Their complaints simply assert that defendants appropriated plaintiffs' likenesses, images and/or names for commercial profit and advantage. **_However, such an assertion is a conclusion of law, not an allegation of fact that could support this conclusion_**. Plaintiffs do not allege, for example, that any videotape footage of them was used for any specific promotional purpose. Therefore, plaintiffs' complaints do not state causes of action for commercial appropriation of their likenesses.

370 N.J. Super. 282, 298-99 (App. Div. 2004) (internal quotations, citations, and alterations omitted) (emphasis added).

8

Second, Savely's brief appearance in the hour-long documentary does not support a misappropriation of likeness claim. Indeed, as a matter of law, a fleeting and incidental appearance in a televised event can never suffice to establish commercial use, and the mere inclusion in a televised event does not give rise to such a claim. *Castro*, 370 N.J. Super. at 297 (no cause of action for misappropriation absent "defendant's use of plaintiff's likeness ... for a predominantly commercial purpose"); *Jeffries v. Whitney E. Houston Acad. P.T.A.*, 2009 N.J. Super. Unpub. LEXIS 1895, at *12-13 (App. Div. June 20, 2009) (the incidental use of plaintiff's likeness was not a commercial use); *Bisbee*, 186 N.J. Super. at 342 (incidental publication is not a commercial use).

As the *Castro* court explained:

> The *broadcast of videotape footage on a television show does not give a person who has been videotaped the right to maintain an action for appropriation of his or her likeness* because no one has the right to object merely because his name or appearance is brought before the public, since neither is in any way a private matter and both are open to public observation. ... *The fact that the defendant is engaged in the business of publication ... is not enough to make the incidental publication a commercial use of the name or likeness.* ... Moreover, *it is irrelevant whether a videotape is broadcast in connection with a television story about important public events or a subject that provides only entertainment and amusement.*

370 N.J. Super. at 297-98 (internal quotations, citations, and alterations omitted) (emphasis added); *Preston v. Martin Bregman Prods., Inc.*, 765 F. Supp. 116, 119 (S.D.N.Y. 1991) (dismissing plaintiff's claim that defendant used her likeness by presenting her image during the opening credits of its movie because her appearance was of a "fleeting and incidental nature" and "contribute[d] nothing of significance to the movie's story line"); *Albright v. Morton*, 321 F. Supp. 2d 130, 140 (D. Mass. 2004) (dismissal of plaintiff's unauthorized use of likeness claim because newspaper's use of his likeness was "merely incidental"); *Comins v. Discovery Commc'ns, Inc.*, 200 F. Supp. 2d 512, 523 (D. Md. 2002) (dismissing plaintiff's unauthorized use claim because use of plaintiff's name was "merely incidental, shorn of any attempt to capitalize upon whatever commercial value it may have").

9

The *Preston* decision is particularly instructive. In *Preston*, plaintiff filed a misappropriation of likeness claim against a movie studio based upon her brief four second appearance in a murder mystery movie set in New York. 765 F. Supp. at 118-19. Plaintiff appeared during a series of "establishing shots" scenes at the beginning of the movie depicting New York, the purpose of which was to introduce the audience to New York as the set for the movie. Defendants moved to dismiss arguing that plaintiff's fleeting and incidental appearance could not support a misappropriation of use claim. The Court agreed, holding that the whether defendant misappropriated a plaintiff's likeness "is determined by the role that the use of the likeness plays in the main purpose and subject of the work at issue." *Id.* at 119. Thus, because plaintiff's brief appearance during a few introductory scenes contributed "nothing of significance to the movie's story line," it did not constitute a commercial use. *Id.* at 119-20. Applying this same reasoning, it is clear that Savely's brief appearance -- which also contributed nothing of significance to the documentary -- does not, as a matter of law, support a misappropriation claim against MTV.

For these reasons, count one of Savely's Complaint fails to state a claim and should be dismissed.

## CONCLUSION

Based on the foregoing, MTV respectfully requests that this Court dismiss, with prejudice, counts one, two, and three of Savely's Complaint.

                                        Respectfully submitted,

                                        _s/ Seth J. Lapidow_
                                        **BLANK ROME LLP**
                                        A Pennsylvania LLP
                                        Seth J. Lapidow, Esq.
                                        Michael A. Rowe, Esq.
                                        New Jersey Resident Partners
                                        301 Carnegie Center, 3rd Floor
                                        Princeton, New Jersey 08540
                                        (609) 750-2659
                                        _Attorneys for defendants Viacom International Inc._
                                        _and MTV Networks_

Dated:  March 22, 2011