**BLANK ROME LLP**
*A Pennsylvania LLP*
Seth J. Lapidow, Esq.
Michael A. Rowe, Esq.
New Jersey Resident Partners
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
(609) 750-7700
*Attorneys for defendants Viacom International Inc.*
*and MTV Networks*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SAVELY,<br><br>                              Plaintiff,<br><br>         v.<br><br>MTV MUSIC TELEVISION, VIACOM d/b/a MTV NETWORKS, JOHN DOES (1-5) (said names being fictitious), and ABC CORP. (said entities being fictitious),<br><br>                              Defendants. | Civil Action No. 2:11-CV-1021 (SDW)(MCA) |

DEFENDANTS' MEMORANDUM OF LAW IN
FURTHER SUPPORT OF THEIR MOTION TO DISMISS

On the Brief:   Seth J. Lapidow, Esq.
                Michael A. Rowe, Esq.

# TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

PRELIMINARY STATEMENT ...................................................................................................1

LEGAL ARGUMENT ...................................................................................................................2

      A.  Invasion of Privacy Claim (Count Two) Fails as a Matter of Law ........................2

      B.  Misappropriation of Likeness Claim (Count One) Fails as a Matter of Law ........3

      C.  False Light Claim (Count Three) Fails as a Matter of Law .....................................5

CONCLUSION ..............................................................................................................................8

## **TABLE OF AUTHORITIES**

*Bisbee v. John C. Conover Agency, Inc.*,
    186 N.J. Super. 335 (App. Div. 1983) ...................................................................................2, 3

*Canessa v. J.I. Kislak, Inc.*,
    97 N.J. Super. 327 (Law Div. 1967)..............................................................................................5

*Castro v. NYT Television*,
    370 N.J. Super. 282 (App. Div. 2004) ......................................................................................4, 5

*Faber v. Condecor, Inc.*,
    195 N.J. Super. 81 (App. Div. 1984) ........................................................................................4, 5

*Jeffries v. Whitney E. Houston Acad. P.T.A.*,
    2009 N.J. Super. Unpub. LEXIS 1895 (App. Div. June 20, 2009) ................................................5

*N.J. Peace Action v. Obama*,
    2009 U.S. Dist. LEXIS 43809 (D.N.J. May 19, 2009) ..................................................................4

*Poltrock v. NJ Auto. Accounts Mgmt. Co.*,
    2008 U.S. Dist. LEXIS 103351 (D.N.J. Dec. 17, 2008)................................................................2

*Rocker Mgmt., LLC v. Lernout & Hauspie Speech Prods.*,
    2005 U.S. Dist. LEXIS 16776 (D.N.J. June 8, 2005) ....................................................................4

*Romaine v. Kallinger*,
    109 N.J. 282 (1988) ............................................................................................................. 2, 6, 7

*Tellado v. Time-Life Books, Inc.*,
    643 F. Supp. 904 (D.N.J. 1986)....................................................................................................4

129205.00614/50391709v.1

**INTRODUCTION**

Viacom International Inc. and MTV Networks (collectively "MTV") submit this memorandum of law in further support of their motion to dismiss plaintiff Michael Savely's ("Savely") Verified Complaint ("Complaint").

**PRELIMINARY STATEMENT**

Savely contends that because MTV used his image without his consent that, as a matter of law, he has stated claims for invasion of privacy, misappropriation of likeness, and false light. But the controlling authority is to the contrary -- mere use of his public performance is not enough. First, Savely's invasion of privacy claim fails because he had no reasonable expectation of privacy; he performed in public on a New York City subway platform. Second, Savely's misappropriation of likeness claim fails because his allegations cannot support a finding of commercial use. Finally, Savely's false impression claim fails because the meaning he ascribes to his four-second appearance in the documentary is unreasonable.

1

# LEGAL ARGUMENT

## I.

### A.  INVASION OF PRIVACY CLAIM (COUNT TWO) FAILS AS A MATTER OF LAW

Savely concedes -- as he must -- that to state an invasion of privacy claim against MTV, he is required to demonstrate that the "matters revealed were private" and the "dissemination of such facts would be offensive to a reasonable person." (Opp. Br. at 9-10). But Savely can demonstrate neither. First, the matter at issue was not private; he admits his performance took place in public on a subway platform, where he had no expectation of privacy. *Poltrock v. NJ Auto. Accounts Mgmt. Co.*, 2008 U.S. Dist. LEXIS 103351, at *15-18 (D.N.J. Dec. 17, 2008) (whether an intrusion is offensive depends on whether plaintiff had a reasonable expectation of privacy). Second, by alleging that he presented the performance himself -- in public -- he admits the content of the performance did not disseminate a fact which he found offensive. *Bisbee v. John C. Conover Agency, Inc.,* 186 N.J. Super. 335, 339-40 (App. Div. 1982) (dismissal of privacy claim because the matters at issue were publicly known and therefore the disclosure could not be offensive).

Savely's argument that he has stated an invasion of privacy claim because his life is "a private fact" (Opp. Br. at 10) is wrong. While aspects of Savely's life may be private, his allegations of invasion here relate only to his performance of a drum routine on the platform of a New York subway station; a public act. The law does not protect public acts, but serves to protect only "**_a person's private, personal affairs_**" and there can be no invasion of privacy when plaintiff's activities "**_are already … public or known_**." *Bisbee,* 186 N.J. Super. at 339-40 (internal citations omitted) (emphasis added); *Romaine v. Kallinger*, 109 N.J. 282, 289-91 (1988) (dismissal of privacy claim that was based upon the disclosure of publicly known information). Thus, because Savely's

claim is based upon the disclosure of publicly known facts, his claim is without merit and should be dismissed.

The *Bisbee* decision is instructive. In *Bisbee*, the court addressed the issue of whether the disclosure of a publicly known fact can support an invasion of privacy claim. 186 N.J. Super. at 338. Plaintiffs claimed that defendants invaded their privacy by releasing a news article and an accompanying photograph concerning a publicly known fact -- their purchase of a home. Defendants moved to dismiss the claim arguing that, as a matter of law, the disclosure of a publicly known fact could not be offensive and therefore could not support an invasion of privacy claim. The Court agreed, holding that:

> The thrust of this … tort is … that a person's private, personal affairs should not be pried into. The converse of this principle is, however, of course, that there is no wrong where defendant did not actually delve into plaintiff's concerns, or where plaintiff's activities are already public or known.

*Id.* Thus, because plaintiffs' invasion of privacy claim was based upon the disclosure of publicly known facts it did not state a claim as a matter of law. *Id.* Here, the same reasoning applies. Savely's invasion of privacy claim is based on his *public* acts, and thus fails to state a claim as a matter of law.

For these reasons and for those set forth in MTV's opening brief, count two of Savely's Complaint fails to state a claim against MTV and should be dismissed.

### B.   MISAPPROPRIATION OF LIKENESS CLAIM (COUNT ONE) FAILS AS A MATTER OF LAW

Savely argues that count one of his Complaint states a misappropriation of likeness claim because he alleges that MTV used videotaped images of him "for specific promotional purposes"[1] (Opp. Br. at 7) and because MTV's airing of four seconds of his public, subway platform, drum

---

[1] Savely does not make such an allegation. Savely alleges only that MTV "wrongfully … used Plaintiff's image … in the production of the aforementioned television show and broadcast the same on national television." (Savely's Complaint is Ex. A to the March 22, 2011 Declaration of Seth J. Lapidow, Esq. ("Lapidow Dec."), ¶ 40). But, as explained below, even if he had made such an allegation, he would still have failed to state a misappropriation claim.

3

routine, as a matter of law, constitutes a commercial use. (Opp. Br. at 7-9). Savely's argument fails for each of the following reasons.

First, Savely contends that the holding in *Castro v. NYT Television*, 370 N.J. Super. 282 (App. Div. 2004) holds that such a conclusory allegation is sufficient to state misappropriation of likeness claim. (Opp. Br. at 7). But the holding does not stand for that proposition. Rather, the Court held that conclusory allegations are insufficient, as a matter of law, to state a misappropriation of likeness claim and that to state such a claim a party would need to allege facts suggesting that defendants did not merely include its image in a television show but that they used the image for a predominantly commercial purpose. *Id.* at 297-98.[2] In fact, the Court held that the mere broadcast of "videotaped footage on a television show does not give a person … the right to maintain an action for appropriation of likeness." *Id.* at 297. Accordingly, because Savely's allegations do not, and indeed cannot, allege facts suggesting that MTV used his image for a predominantly commercial purpose, count one of his Complaint does not state a misappropriation of likeness claim and should be dismissed.

Second, Savely does not respond to, and therefore concedes that MTV's argument that his brief appearance in the documentary does not support a misappropriation claim. *N.J. Peace Action v. Obama*, 2009 U.S. Dist. LEXIS 43809, at *12 (D.N.J. May 19, 2009) ("Plaintiffs have not responded to [defendant's] argument, and thus conceded it."); *Rocker Mgmt., LLC v. Lernout & Hauspie Speech Prods. N.V.*, 2005 U.S. Dist. LEXIS 16776, at *4 n.4 (D.N.J. June 8, 2005) ("Plaintiffs have not responded to [defendant's] argument and, therefore … they concede [it]."). Indeed, as a matter of

---

[2] *Castro* cites *Tellado v. Time-Life Books, Inc.*, 643 F. Supp. 904 (D.N.J. 1986) and *Faber v. Condecor, Inc.*, 195 N.J. Super. 81 (App. Div. 1984) for examples of allegations which may satisfy this pleading standard. In *Tellado*, defendants included a photo of plaintiff in brochures promoting the sale of their book, in a survey which solicited responses to the book, and in various promotional materials, including pamphlets, envelopes, and other advertisements. 643 F. Supp. at 906. In *Faber*, defendant included a photo of plaintiff's family in a picture frame and in its catalogues in order to sell its products. 195 N.J. Super. at 84-85. Savely does not and cannot allege any of these things.

law, a fleeting and incidental appearance in a televised event can never establish commercial use, and the inclusion of a person's likeness in a televised event does not give rise to such a claim. *Castro*, 370 N.J. Super. at 297 (no misappropriation absent "defendant's use of plaintiff's likeness … for a predominantly commercial purpose"); *Jeffries v. Whitney E. Houston Acad. P.T.A.*, 2009 N.J. Super. Unpub. LEXIS 1895, at *12-13 (App. Div. June 20, 2009) (incidental use was not a commercial use).

Third, the legal authority relied upon by Savely is inapposite. Savely argues that this case is similar to "the cases of *Canessa v. J.I. Kislak, Inc.*, 97 N.J. Super. 327 (Law Div. 1967) and *Faber v. Condecor, Inc.*, 195 N.J. Super. 81 (1984)." Savely is wrong. *Canessa* holds that a defendant's distribution of plaintiff's photographs "to show prospective purchasers what could be accomplished by [defendants] … salesman …." may be a commercial use. 97 N.J. Super. at 331-32. Similarly, *Faber* holds that a defendant's inclusion of a photograph of plaintiff's family in picture frames and catalogues in an attempt to sell its products may constitute a commercial use. 195 N.J. Super at 85, 88. These cases involve situations in which a defendant was actually using a plaintiff's likeness to promote the sale of its own products. No such use is alleged here. These cases have no bearing on the issue of whether Savely's four second appearance in an hour-long documentary supports a misappropriation of likeness claim.

For these reasons and for those set forth in MTV's opening brief, count one of Savely's Complaint fails to state a claim against MTV and should be dismissed.

        **C.**     **FALSE LIGHT CLAIM (COUNT THREE) FAILS AS A MATTER OF LAW**

Savely concedes that to state a false light claim he must allege facts suggesting that the publicized material "has the capacity to give rise to a false impression" such that its publication "would be highly offensive to a reasonable person." (Opp. Br. at 10-11). But Savely fails to allege facts sufficient to satisfy these standards.

5

Savely argues that MTV's airing of four seconds of his drum routine portrays him in a false light by implying that he is associated with Manaj -- who he alleges conducts herself "in a less conservative fashion than [him]." (Opp. Br. at 2).[3] But a review of the documentary demonstrates that Savely's interpretation is unreasonable and therefore cannot support a false light claim. *Romaine*, 109 N.J. at 289-91 (dismissal of false light claim because plaintiff's interpretation was unreasonable). The determination of reasonableness is for the court, on a motion to dismiss. *Id.* ("[I]t is for the court to determine whether the criticized material is capable of the meaning assigned to it by plaintiff, and whether that meaning is highly offensive to the reasonable person.").

During the documentary, Manaj travels to Trinidad, visits her family in New York, and prepares to perform on the Video Music Awards. (Ex. B Lapidow Dec.). In order to introduce the segment in which Manaj returns to New York to purchase a home from her family, the documentary shows an establishing shot in which a New York subway train enters a station followed by four seconds of Savely performing his drum routine. (*Id.*). Savely is the only person who appears in the scene, Manaj does not appear in the scene, Manaj and Savely never appear together during the documentary, Savely's name is never mentioned, the documentary does not represent (either expressly or by implication) that Savely is associated with Manaj or Manaj with Savely, or that Manaj promotes, works with, represents, or is any way related to Savely or Savely to Manaj. In short, the sole purpose of the clip is to introduce the audience to New York. Thus, because the scene does not carry the meaning ascribed to it by Savely, it cannot be found to be highly offensive, and it could not have portrayed him in a false light.

The New Jersey Supreme Court's decision in *Romaine* is instructive. 109 N.J. at 289-91. In *Romaine*, plaintiff filed a false light claim based upon the inclusion of a passage in a book depicting

---

[3] Savely also argues that MTV portrayed him in a false light because his appearance consists "of poor quality images and sounds to the extent that it reflected poorly on Plaintiff's talent as a drummer and performer." (Opp. Br. at 11). Savely, however, fails to cite any authority in support of this argument and MTV is aware of none. Moreover, Savely's argument is belied by the images contained on the DVD. (Ex. B. Lapidow Dec.).

6

the life and crimes of an individual. Specifically, plaintiff claimed that a statement that she was interested in news about a drug user implied that she was associated with drug users. Defendants moved to dismiss, arguing that plaintiff's interpretation of the statement was unreasonable because the statement could not reasonably be construed to mean that plaintiff was associated with drug users. The Court agreed, holding that because the statement could not carry the meaning ascribed to it by plaintiff, it could not be found to be highly offensive to a reasonable person and therefore could not portray plaintiff in a false light. *Id.* In so doing, the Court explained:

> A … requirement of … a false light [claim] … is the disputed publicity be … false or … have the capacity to give rise to a false public impression as to the plaintiff. …
> There can be no recovery … unless it is shown that the publicity at issue was a character highly offensive to a reasonable person. This protection … does not extend to the hypersensitive person; the material publicized must be something that would be objectionable to the ordinary person …. [I]t is for the court first to determine whether the criticized matter is capable of the meaning assigned to it by plaintiff, and whether that meaning is highly offensive to a reasonable person. In making this determination, the court should not consider words or elements in isolation, but should view them in the context of the whole article ….

*Id.* (internal quotations and citations omitted). Applying these standards, it is clear that Savely's claim that the inclusion of four seconds of his drum routine in the documentary portrays him in a false light by associating him with Manaj is without merit and does not support a false light claim.

For these reasons and for those set forth in MTV's opening brief, count one of Savely's Complaint fails to state a claim against MTV and should be dismissed.

7

**CONCLUSION**

For these reasons and for these set forth in MTV's opening brief, MTV respectfully requests that this Court dismiss, with prejudice, counts one, two, and three of Savely's Complaint.

Respectfully submitted,

  s/ *Seth J. Lapidow*
**BLANK ROME LLP**
A Pennsylvania LLP
Seth J. Lapidow, Esq.
Michael A. Rowe, Esq.
New Jersey Resident Partners
301 Carnegie Center, 3rd Floor
Princeton, New Jersey 08540
(609) 750-2659
*Attorneys for defendants Viacom International Inc. and MTV Networks*

Dated:  April 29, 2011