**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL SAVELY, <br><br> Plaintiff, <br><br> v. <br><br> MTV MUSIC TELEVISION, VIACOM d/b/a MTV NETWORKS, JOHN DOES (1-5) (said names being fictitious), and ABC CORP. (said entities being fictitious), <br><br> Defendants. | Civil Action No. 11-1021 (SDW) (MCA) <br><br><br> **OPINION** <br><br><br><br> July 18, 2011 |

**WIGENTON**, District Judge.

Before the Court is defendant MTV Music Television, Viacom d/b/a MTV Networks, John Does, and ABC Corp.'s ("Defendants" or "MTV") motion to dismiss the complaint of plaintiff Michael Savely ("Plaintiff" or "Savely") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Venue is proper and the case was removed to this Court under 28 U.S.C. § 1441(a). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated below, Defendants' Motion to Dismiss is GRANTED as to Counts I and II, but DENIED as to Count III.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is a drummer who performs daily in New York City subways entertaining subway patrons and the public at large. (Compl. ¶¶ 6-8.) Sometime in November 2010, several representatives of Defendants, who were filming for MTV, approached Plaintiff while he was performing his routine on a New York City subway platform. (*Id.* ¶¶ 12-14.) Defendants' representatives asked Plaintiff if they could film him drumming and use the footage in a film that MTV was making. Plaintiff requested to see a contract form, which the representatives provided. After reviewing the contract, Plaintiff decided that he was not comfortable with being filmed and declined the offer. (*Id.* ¶ 16.) Plaintiff gave the contract back to the representatives and told them that he did not consent to being filmed. (*Id.* ¶ 17.)

Approximately three weeks later, in December 2010, after two individuals approached Savely and informed him that they saw his performance on MTV, Savely found out that MTV had filmed him playing drums and used the footage in a program about rapper Nicki Minaj[1] entitled "Nicki Minaj: My Time Now." (*Id.* ¶¶ 25, 28.) Prior to one segment in the program, there is a clip showing Savely playing the drums on a New York City subway platform ("Footage"). (*Id.* ¶ 27.)

Plaintiff asserts that following the release of the program, he received criticism from fans and supporters for his involvement in the project. (Compl. ¶ 34.) Since the airing of the program, the parents of several of Savely's students have terminated his services. (*See id.* ¶ 35.) He also noticed a drop in the number of his clients, and has observed a decrease in his t-shirt sales with his image and art. (*Id.* ¶¶ 35-36.)

---

[1] Ms. Minaj is referred to throughout the Complaint as "Nickey Manaj," and by Defendants in their submissions interchangeably as "Nicki Manaj" and "Nicki Minaj."

On February 2, 2011, Savely filed a complaint against MTV in New Jersey state court in Hudson County for the following claims of invasion of privacy: (i) appropriation of name, likeness or identity; (ii) publication of private facts; and (iii) false light ("Complaint").  On February 23, 2011, MTV removed the case to federal court in New Jersey pursuant to 28 U.S.C. § 1441.  On March 22, 2011, MTV filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**LEGAL STANDARD**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted) (internal quotation marks omitted).  A pleading is sufficient if it alleges "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff must put forth enough information to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips,* 515 F.3d at 231 (alteration in original) (citations omitted) (internal quotation marks omitted).

While a court will accept well-pleaded allegations as true for purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Miree v. De Kalb Cnty., Ga.*,

3

433 U.S. 25, 27 n.2 (1977); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (holding that a court does not need to credit "bald assertions" or "legal conclusions" of a complaint when deciding a motion to dismiss). Further, "[a] court may dismiss a complaint for failure to state a claim, based on a time-bar, where 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 355 n.11 (D.N.J. 2003) (citation omitted).

**DISCUSSION**

*Invasion of Privacy*

The Restatement (Second) of Torts provides that "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." RESTATEMENT (SECOND) OF TORTS § 652B (1977).

Generally, Defendants argue that Plaintiff's Complaint should be dismissed for the following reasons:

> (i) [I]t is based upon events that took place in public; (ii) the events at issue were aired exactly as they occurred; (iii) Savely had no reasonable expectation of privacy when performing on a New York City subway platform; and (iv) the airing of four seconds of Savely's drum routine during an hour-long documentary was not a commercial use.

(Def.'s Br. 2.)

However, for the reasons discussed below, the Court finds that Plaintiff has sufficiently pled one of his three claims, specifically, invasion of privacy - false light. As

required, this Court has accepted all of Plaintiff's factual allegations as true for the purpose of deciding the Motion to Dismiss. Each of Plaintiff's invasion of privacy claims are addressed below.

*Invasion of Privacy – Appropriation of Name, Likeness or Identity*

"One who appropriates to his own use or benefit the name or likeness of another is subject to liability to the other for invasion of his privacy." RESTATEMENT (SECOND) OF TORTS § 652C. To establish a prima facie case of misappropriation of likeness, the plaintiff must establish four elements: "(1) the defendant appropriated the plaintiff's likeness, (2) without the plaintiff's consent, (3) for the defendant's use or benefit, and (4) damage." *Hart v. Elec. Arts, Inc.*, 740 F. Supp. 2d 658, 665 n.5 (D.N.J 2010) (citations omitted). Plaintiff includes facts in his Complaint to support the first two elements - that Defendants used his likeness and that Plaintiff did not give consent. Plaintiff also asserts that he incurred damages as a result of Defendants actions to satisfy the fourth element. Notably, regarding the third element, "[u]nder New Jersey common law, defendant[s] would be liable for the tort of misappropriation of likeness only if defendant's use of plaintiff's likeness was for a *predominantly commercial purpose,* i.e., if defendant was seeking to capitalize on defendant's likeness for purposes other than the dissemination of news or information." *Castro v. NYT Television*, 370 N.J. Super. 282, 297 (N.J. Super. Ct. App. Div. 2004) (second alteration in original) (emphasis added) (quoting *Telado v. Time-Life Books, Inc.*, 643 F. Supp. 904, 909-10 (D.N.J. 1986)).

As the Restatement (Second) of Torts explains, a predominantly commercial purpose is an essential element of the tort:

> No one has the right to object merely because his name or his appearance is brought before the public, since neither is in any way a private matter and both are open to public observation.  It is only when the publicity is given for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness that the right of privacy is invaded.  The fact that the defendant is engaged in the business of publication, for example of a newspaper, out of which he makes or seeks to make a profit, is not enough to make the incidental publication a commercial use of the name or likeness.  Thus a newspaper, although it is not a philanthropic institution, does not become liable under the rule stated in this Section to every person whose name or likeness it publishes.

RESTATEMENT (SECOND) OF TORTS § 652C cmt. d.  Applying this standard, the court in *Castro v. NYT Television* dismissed the plaintiff's complaint for failure to state a claim where the complaint merely asserted that "'[d]efendants appropriated plaintiffs' likenesses, images and/or names for commercial profit and advantage.'" 370 N.J. Super. at 298.  The *Castro* court held that such a complaint was deficient because it rested on "a conclusion of law, not an allegation of fact that could support this conclusion." *Id.*

Similar to the complaint in *Castro*, the Complaint in the instant matter is deficient as it asserts conclusions of law, unsupported by allegations of fact regarding the misappropriation of likeness claim.  Indeed, the Complaint merely states that "[d]efendants, without obtaining Plaintiff's written authorization or consent, knowingly, intentionally, wrongfully and illegally used Plaintiff's image and likeness in the production of the . . . television show and broadcast the same on national television." (Compl. ¶ 40.)  Such an allegation fails to provide facts that could explain how Defendants' use of Plaintiff's image was for a *predominantly commercial purpose*.  Although Plaintiff alleges that the Footage was broadcasted on national television without his consent, the Complaint does not make reference to a commercial purpose (seemingly other than noting the Footage was broadcasted).  (*Id.* ¶¶ 40-42.)

6

Plaintiff has not sufficiently pled that the use of his likeness by Defendants was for a "predominantly commercial purpose" or for a commercial benefit "or other values associated with the name or the likeness that the right of privacy is invaded." *See Castro*, 370 N.J. Super. at 297. Indeed, "one reason for the imposition of tort liability for commercial appropriation of a person's name of likeness . . . is to avoid the unjust enrichment that would result from uncompensated use of the name or likeness of another person." *Id.* at 299.

Therefore, while it is possible that Plaintiff's misappropriation of likeness claim could be pled sufficiently if amended, it is not in the present Complaint. *See generally Hart*, 740 F. Supp. 2d at 668 (noting that plaintiff could sufficiently plead the predominantly commercial purpose element if the complaint were amended). Thus, Defendant's Motion to Dismiss as to Count I, for misappropriation of likeness, is granted and Plaintiff is hereby granted 30 days leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

*Invasion of Privacy – Publication of Private Facts*

"The invasion of privacy by unreasonable publication of private facts occurs when it is shown that 'the matters revealed were actually private, that dissemination of such facts would be offensive to a reasonable person, and that there is no legitimate interest of the public in being apprised of the facts publicized.'" *Romaine v. Kallinger*, 109 N.J. 282, 297 (N.J. 1988) (quoting *Bisbee v. John C. Conover Agency, Inc.*, 186 N.J. Super. 335, 340 (N.J. Super. Ct. App. Div. 1982)); *see also* RESTATEMENT (SECOND) OF

TORTS § 652D.[2]  For an invasion of privacy action, whether the published facts are actually private is an important element.  Indeed, "[t]he thrust of this aspect of the tort is, in other words, that a person's private, personal affairs should not be pried into." *Bisbee*, 186 N.J. Super. at 340.  For example, in *Bisbee*, the court held that there was no publication of private facts when defendant published a photograph of plaintiff's house because it "was taken from the street, a public thoroughfare, and merely represented a view which [was] available to any bystander." *See id.* at 340-41.  Thus, "there is no wrong where defendant did not actually delve into plaintiff's concerns, or where plaintiff's activities are already public or known."[3] *Id.* at 340.

Given the law on the publication of private facts, Plaintiff has not sufficiently pled that Defendant's actions gave rise to the tortious publication of private facts.  Similar to the photograph of plaintiff's house in *Bisbee*, the Footage of Plaintiff in the instant matter was taken while visible to the public at large.  Indeed, as currently pled in the Complaint, the Footage merely gave publicity to what was already public.  Plaintiff has not asserted that a "private fact" was made public.  Therefore, Defendant's Motion to Dismiss as to Count II, publication of private facts, is granted.  Plaintiff is hereby granted 30 days leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

---

[2] According to the Restatement (Second) of Torts,

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public.

RESTATEMENT (SECOND) OF TORTS § 652D.

[3] Although the *Bisbee* court uses this language to refer specifically to the tort of unreasonable intrusion on seclusion, it has equal force when applied to the tort of publication of private facts because both torts require—as a prerequisite—that plaintiff's activities or affairs are actually, in fact, private.

*Invasion of Privacy - False Light*

New Jersey law on the invasion of privacy by false light is consistent with the Restatement (Second) of Torts, which provides:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>
> (a) the false light in which the other was placed would be highly offensive to a reasonable person, and
>
> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

RESTATEMENT (SECOND) OF TORTS §652E; *Cibenko v. Worth Publishers, Inc.*, 510 F. Supp. 761, 766 (D.N.J. 1981) (noting that New Jersey law on invasion of privacy by false light is consistent with the Restatement (Second) of Torts).

While there is overlap between the torts of defamation and false light, it is not "necessary to the action for invasion of privacy that the plaintiff be defamed. It is enough that he is given unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position." RESTATEMENT (SECOND) OF TORTS §652E cmt. b. Ultimately, whether the communication "is capable of bearing a particular meaning which is highly offensive to a reasonable person" is a question for the Court. *Cibenko*, 510 F. Supp. at 766.

Notably, in the instant matter, Plaintiff does not argue that his actions were altered or changed, but rather that the Footage "consists of poor quality images and sounds to the extent that it reflects poorly on Plaintiff's talent as a drummer and performer." (Compl. ¶

9

32.) Further, Plaintiff claims that Defendants' "intrusion" portrayed him in a "false, unfavorable and disparaging light." (*Id.* ¶ 50.)

Defendants argue that the false light claim fails because the meaning Plaintiff attributes to his appearance is unreasonable. (*See* Def.'s Reply Br. 1.) Further, Defendants argue that the Footage was not distorted in any way, and the images of Savely are not distinctly linked to Minaj or any substantive themes of the film. The film allegedly chronicles Nicki Minaj's rise in the rap industry and life growing up in Queens, New York. However, for a claim of false light, the defendants' actions need not be defamatory, but rather "must be something that would be objectionable to the ordinary reasonable man." *Canessa v. J.I. Kislak, Inc.*, 97 N.J. Super. 327, 334 (N.J. Super. Ct. Law Div. 1967).

Plaintiff alleges that he did not consent to being filmed because he had concerns regarding how his name and likeness would be depicted, and was worried about the Footage being connected to artists and institutions that could tarnish his reputation. Plaintiff claims to generate a significant amount of his income through drumming lessons he provides for children. (Compl. ¶ 21.) "Plaintiff understands that the reason many of the parents of the students he teaches employ his services is because they can trust him to provide their children with something modern yet not corrupt." (*Id.* ¶ 22.) Plaintiff states the following in his Complaint: "Ms. M[i]naj dresses provocatively, uses profanity and glories a specific lifestyle contrary to that of Plaintiff and, more importantly, to that of Plaintiff's students and their parents." (*Id.* ¶ 31.) Plaintiff also expressed concern that being associated with the "'wrong' artist," would cause him to lose significant future business. (*Id.* ¶ 23.) Further, regarding the damage element of his cause of action,

Plaintiff alleges that he suffered losses as a result, including a decline in his student base and sales. (*Id.* ¶¶ 35-36.) Thus, given the context and circumstances, Plaintiff has sufficiently alleged facts that if proven to be true, could support a claim for false light. Plaintiff's claim of false light is sufficiently pled and Defendants' Motion to Dismiss will be denied as to this count.

**CONCLUSION**

Plaintiff has sufficiently pled facts in his Complaint to state a cause of action for false light. He has provided notice of this claim and the grounds upon which it rests. He has not, however, sufficiently pled facts in his Complaint to state causes of action for misappropriation of likeness or publication of private facts.

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss as to Counts I (misappropriation of likeness) and II (publication of private facts), but DENIES Defendants' Motion to Dismiss as to Count III (false light). Plaintiff is granted 30 days leave to amend the Complaint.

s/Susan D. Wigenton, U.S.D.J.

Orig:   Clerk
Cc:     Madeline Cox Arleo, U.S.M.J.
        Parties